## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**RANDY CORUM,**

     **Plaintiff,**

**vs.**                              **CASE NO. 5:06CV154-MCR/AK**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

     **Defendant.**

_____/

### REPORT AND RECOMMENDATION

     This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) filed pursuant to Title II of the Act and supplemental security income benefits (SSI) filed under Title XVI of the Act.

     Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## A.    PROCEDURAL HISTORY

     Plaintiff filed applications for DIB and SSI on November 13, 2003, alleging a disability onset date of September 1999, because of neck pain, back pain, headaches, swelling of left side of body, left eye, knees, and hips.  Plaintiff petitioned for a hearing

before an administrative law judge (ALJ), who conducted a hearing on December 9, 2005, and entered an unfavorable decision on March 7, 2006. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

## B.   FINDINGS OF THE ALJ

The ALJ found that Plaintiff' had severe impairments, neck and back pain, and impaired hearing, but that these impairments either singly or in combination did not meet the requirements of any listings.  (R. 15).  The ALJ found that the use of bilateral hearing aids rendered the hearing loss no longer severe, and that none of his other alleged conditions were sufficiently documented as to support a finding of severity.  (R. 15).  The ALJ found that the Plaintiff was capable of medium level work, and therefore, could perform his past relevant work as a salesman.  (R. 16).  He made this finding based on the facts that Plaintiff had received only conservative treatment, surgery had never been recommended, that only Dr. Maddox had found any significant symptomatology and she only saw him for a two month period  Further, the ALJ noted that Dr. Gilani examined Plaintiff after Dr. Maddox and found him to be exaggerating his symptoms and uncooperative during an otherwise normal exam.  Thus, the ALJ found Plaintiff not disabled at Step Four of the sequential analysis process.

## C.   ISSUES PRESENTED

Plaintiff argues that the ALJ erred in failing to give proper weight to his testimony about pain; and that the ALJ erred in using the Grids.

The government responds that, although the objective tests support a finding that Plaintiff has some abnormality in his neck and back, there is no evidence that these

**No. 5:06CV154-MCR/AK**

abnormalities cause the degree of pain and limitation beyond that noted by the ALJ in his RFC assessment, especially considering that Plaintiff had undergone very little treatment, no doctor had imposed limitations upon him, and at least one doctor believed he was exaggerating his symptoms.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**D.    STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624

**No. 5:06CV154-MCR/AK**

(11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1.      Is the individual currently engaged in substantial gainful activity?

2.      Does the individual have any severe impairment?

**No. 5:06CV154-MCR/AK**

3.      Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4.      Does the individual have any impairments which prevent past relevant work?

5.      Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**E.      SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff describes severe and unrelenting pain with swelling and fever that prevents him from attending to his personal needs without assistance, even causing severe pain to comb his hair, and which has limited him in all his daily activities.  (R. 95-

**No. 5:06CV154-MCR/AK**

101, 119).  He also claims that physical therapy and other treatment regimens have not worked.  (R. 96).

Treatment notes from Dr. Karen Maddox show two visits.  On January 11, 2002, Plaintiff sought treatment for neck and back pain and a number of studies were done, including an EMG and MRI's of the lumbar, cervical and shoulder areas.  (R. 136-143).  The EMG was normal for upper and lower extremities, except for "[a]bnormal EMG indicative of posterior primary rami nerve root irritation."  (R. 138).  The lumbar MRI showed "mild left neural foraminal effacement L4-5 secondary to facet joint arthropathy and mild disc bulge with disc dessiccation noted at L4-5."  (R. 141).  There was no disc herniation or stenosis.  The cervical MRI showed "[s]pondylitic changes C5-6, C6-7, with osteophyte disc bulge complex resulting in effacement of the anterior thecal sac and what appears to be impingement on the anterior surface of the cord, with 9-mm residual canal diameter at C5-6."  (R. 142).

In his second appointment with Dr. Maddox on March 25, 2002, she noted the results of the tests, continued his medications, reducing the pain killer, and ordered "an intensive course of PT" with a follow up appointment in 2 months.  (R. 135).

There are no physical therapy treatment notes in the record and Plaintiff did not follow-up with Dr. Maddox.

Plaintiff went to Gulf View Family Medical Center twice in July and October 2003 for refills for medication related to his neck and back pain.  (R. 147-148).  Additional

visits (March 31, 2004, June 23, 2004, October 15, 2004, December 2, 2004, February 2, 2005, May 3, 2005) for medication refills only.  (R. 181-191).

A consultative examination on February 11, 2004, was done by Dr. Syed Gilani, who found Plaintiff to be in severe distress, tender to the touch all over his body, and although he completed the range of motion tests he complained of severe pain and was slow in his movements.  (R. 155-156).  Dr. Gilani noted that Plaintiff was moaning and groaning as if walking caused severe pain, but also moaned in response to light touch on his spine.  (R. 156).  "His physical findings did not correlate with his history and severity of symptoms."  (R. 156).

Plaintiff has profound hearing loss and should wear aids.  (R. 158-159, 161-162).

Two Residual Functional Capacity Assessments are in file: one, dated March 2, 2004, assessed him at a light level with some limitations due to his hearing loss (R. 163-170); and the second, dated May 27, 2004, assessed him at a medium exertional level. (R. 171-178).

## F.    SUMMARY OF THE ADMINISTRATIVE HEARING

Plaintiff was 54 years old at the time of the hearing and had completed high school.  (R. 22).  He last worked at Sears in 1999 as a paint and hardware salesman, where he had to mix paints as well as sell them.  (R. 23).  He quit his job because it was hard for him to sit, stand and drive because of "lightening bolt" type pains shooting from his left hip to his foot.  (R. 24).  His treating physician for these issues has been Dr. Karen Maddox, who told him it was his back, but recommended no surgery or other

**No. 5:06CV154-MCR/AK**

treatment for him.  (R. 25).  Plaintiff describes his pain as severe, with other issues involving head aches, arthritic knees, and left face swelling after even light exertion.  (R. 25).  He claims that he can walk no more than 15 or 20 feet before experiencing shooting pains, and when he sits his legs go numb, his hands have pains in them like carpal tunnel syndrome, and although he can lift 50 or 60 pounds, he will "pay the price" and cannot lift more than 5 pounds without it affecting his neck or back.  (R. 26).  His current treatment involves refilling his pain medication at a clinic.  (R. 27).  Plaintiff also has a hearing defect, which hearing aids help, but he has not been able to afford aids.  (R. 28).  Finally, he has been experiencing tooth infections and dizzy spells.  (R. 29).  The first doctor Plaintiff saw for his back condition, Dr. Aldridge, advised him not to get surgery since it may not ease the pain and he could end up in a wheelchair.  (R. 34).  Counsel for Plaintiff promised to get the records from Dr. Aldridge and submit them within two weeks.  (R. 34).

G.    **DISCUSSION**

      a)    Pain Standard

      Pain and other subjective symptoms are treated by the regulations as symptoms of disability.  Title 20 C.F.R. § 404.1529 provides in part that the Commissioner will not find disability based on symptoms, including pain alone, "unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce these symptoms."  Accord 20 C.F.R. § 416.929.  In Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir. 1986), the Eleventh Circuit adopted the following pain standard:

**No. 5:06CV154-MCR/AK**

> There must be evidence of an underlying medical condition and (1) there
> must be objective medical evidence to confirm the severity of the alleged
> pain arising from the condition or (2) the objectively determined
> medical condition must be of a severity which can reasonably be expected to give
> rise to the alleged pain.

The Eleventh Circuit continues to follow the Hand test. Wilson v. Barnhart, 284 F.3d

1219, 1225 (11th Cir. 2002).  "While both the regulations and the Hand standard require

objective medical evidence of a condition that could reasonably be expected to cause

the pain alleged, neither requires objective proof of the pain itself."  Elam v. Railroad

Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991).  The court has held that "[p]ain

alone can be disabling, even when its existence is unsupported by objective evidence."

Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), citing Walker v. Bowen, 826

F.2d 996, 1003 (11th Cir. 1987).  Standing alone, however, a claimant's testimony of

pain is not conclusive evidence of disability.  Macia v. Bowen, 829 F.2d 1009, 1011

(11th Cir. 1987).  If the Commissioner rejects a claimant's allegations of pain, he must

articulate explicit and adequate reasons, and these reasons must be based on

substantial evidence.  Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  The failure

to articulate adequate reasons for discrediting pain testimony mandates that the

testimony be accepted as true as a matter of law.  Cannon v. Bowen, 858 F.2d 1541,

1545 (11th Cir. 1988).

Plaintiff contends that the MRI results support a finding of cervical radiculopathy,

a condition that produces pain; and therefore, the ALJ should have accepted pain as a

non-exertional limitation.  However, the record shows that Plaintiff has received no

**No. 5:06CV154-MCR/AK**

consistent treatment for his back condition, and the only treating source for his neck and

back pain suggested only conservative treatment, physical therapy, which it appears

Plaintiff did not elect to pursue.  As noted by the ALJ, Plaintiff saw Dr. Maddox only

twice and neither Dr. Maddox nor any other treating source suggested that Plaintiff had

any work limitations.  Also, the ALJ was correct to rely upon the report of Dr. Gilani that

Plaintiff was exaggerating his pain symptoms by excessively moaning and groaning and

reacting in pain to slight touches of his body in areas that he did not even contend

produced pain to support a finding that Plaintiff's credibility was in question.  As the

Commissioner correctly noted, a clearly articulated credibility finding with substantial

supporting evidence in the record should not be disturbed by a reviewing court.  <u>Foote</u>

<u>v. Chater</u>, 67 F.3d 1553, 1562 (11th Cir. 1995); <u>MacGregor v. Bowen</u>, 786 F.2d 1050,

1054 (11th Cir. 1986); <u>Sellers v. Barnhart</u>, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

Thus, there is no merit to this ground for reversal or remand.

      b)    <u>Medical-Vocational guidelines (Grids)</u>

      At step five the Commissioner may in certain cases rely upon the grids to carry

his burden of proving that there are jobs which claimant can do despite his inability to

perform his past relevant work.  The Eleventh Circuit has "recognized that the grids may

be used in lieu of vocational testimony on specific jobs if none of claimant's

nonexertional impairments are so severe as to prevent a full range of employment at the

designated level."  <u>Wolfe v. Chater</u>, 86 F.3d at 1078, quoting <u>Passopulos v. Sullivan</u>,

976 F.2d 642, 648 (11th Cir. 1992).  <u>See</u> <u>also</u> <u>Foote v. Chater</u>, 67 F.3d 1553, 1558

**No. 5:06CV154-MCR/AK**

(11th Cir. 1995).  "It is only when the claimant can clearly do unlimited types of [] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."  <u>Allen v. Sullivan</u>, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).  Exclusive reliance upon the grids is not appropriate when claimant has a nonexertional impairment that significantly limits his basic work activities.  <u>Swindle v. Sullivan</u>, 914 F.2d 222, 226 (11th Cir. 1990).  Where use of the grids is not appropriate, and the Commissioner has not made specific findings as to the availability of particular jobs that exist in substantial numbers in the national economy which the Claimant can do despite his limitations, the proper course is for the court to remand for such factfinding.  <u>Welch v. Bowen</u>, 854 F.2d 436, 439-440 (11th Cir. 1988).

Pain is a nonexertional impairment which, if it significantly limits basic work activities, precludes application of the grids.  <u>See</u> <u>Foote v. Chater</u>, 67 F.3d at 1559.  If a Plaintiff alleges pain or other nonexertional limitation, "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert."  <u>MacGregor v. Bowen</u>, 786 F.2d 1050, 1054 (11th Cir. 1986).  "The burden of showing by substantial evidence that a person who can no longer perform his former job can engage in other substantial gainful activity is in almost all cases satisfied only through the use of vocational expert testimony."  <u>Chester v. Bowen</u>, 792 F.2d 129, 132 (11th Cir. 1986).

**No. 5:06CV154-MCR/AK**

In the present case, the ALJ did not call a vocational expert to testify and found based on his assessment that Plaintiff could perform medium level work, that he could also perform his past relevant work as a salesman.  Thus, having found him capable of performing his past relevant work, the ALJ did not need to rely upon either the grids or the testimony of a vocational expert.

A finding that a person can perform his past relevant work ends the five-step evaluation process at Step Four.  20 CFR § 404.1520(a)(4).  While the ALJ *may* use the testimony of a vocational expert to supplement the claimant's own testimony about how past relevant work was performed, he may also rely on other sources, including his own description of that work, and is not required to call a vocational expert for Step Four analysis.  20 CFR § 404.1560(b).  Thus, any argument regarding a vocational expert is not well taken when the analysis stopped before an expert was required.

Likewise, because the evaluation process did not proceed to Step Five, the ALJ was not required to assess whether he met the Guidelines.  The Guidelines only apply when a person cannot perform her past relevant work, and the Administration has the burden of showing that there are other jobs a person with her age, education, and work experience can perform.

The ALJ relied upon one RFC in the file that found Plaintiff capable of medium work, as well as the fact that no treating source had limited him in any way from any type of activity, and that the objective clinical tests in the record did not show any condition that would be so limiting.  Thus, there is no merit to this ground either.


**No. 5:06CV154-MCR/AK**

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this __*15th*__ day of August, 2007.


                                        *s/ A. KORNBLUM*_____
                                        **ALLAN KORNBLUM**
                                        **UNITED STATES MAGISTRATE JUDGE**



                            <u>**NOTICE TO THE PARTIES**</u>

        **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:06CV154-MCR/AK**